IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA FRANK | CIVIL ACTION |
| | No. 12-34 |
| Plaintiff, | |
| v. | |
| | JURY TRIAL DEMANDED |
| THE PNC FINANCIAL SERVICES GROUP, INC. | |
| | J. Sean J. McLaughlin |
| Defendant. | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted in part and denied in part. The first and last sentences are admitted. The remaining sentences are denied. *See* Plaintiff's Deposition, Exhibit "A," at p. 34.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted. By way of further answer, Plaintiff did not engage in this conduct or force balancing on July 28, 2010 or any other occasion.

15. Admitted.

16. Admitted. By way of further answer, Plaintiff accepted and record the amount that the cash total was over or under. She then made the recovery, as she was previously advised that she was authorized to do so.

17. Denied. By way of further answer, *see* Plaintiff's Exhibit "B."

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted in part and denied in part. Plaintiff testified that she was unsure whether she told Malick that she "would" email loss prevention or that she "had" emailed loss prevention.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Plaintiff is without sufficient information to admit or deny this averment and as such it is denied.

31. Admitted. By way of further answer, Plaintiff immediately advised Atkinson that she had done nothing wrong.

32. Admitted in part and denied in part. It is denied that Deringer did not process any recovery because she was aware that Plaintiff was going to process and did in fact process the recovery.

33. Admitted. By way of further answer, PNC records also show that Deringer's drawer was over by $500.00. These records have always been available and reflected exactly what had occurred on July 28, 2010, and furthermore, exactly what Plaintiff had advised Malick and loss prevention that she would do.

34. Denied. By way of further answer, *see* Plaintiff's Complaint wherein she alleges that her termination was on the basis of age, religion, and disability.

35. Denied. *See* response to paragraph 34, above.

36. Admitted in part and denied in part. It is denied that Plaintiff was given the true reason for her termination.

37. Plaintiff is without sufficient information to admit or deny this averment and as such it is denied.

38. Plaintiff is without sufficient information to admit or deny this averment and as such it is denied.

39. Plaintiff is without sufficient information to admit or deny this averment and as such it is denied.

40. Plaintiff is without sufficient information to admit or deny this averment and as such it is denied.

41. Plaintiff is without sufficient information to admit or deny this averment and as such it is denied.

42. Admitted.

43. Admitted.

44. Admitted.

45. Admitted.

46. Admitted.

47. Admitted.  By way of further answer, Plaintiff accepted the balance in her own drawer as well.

48. Admitted.

49. Admitted.

50. Admitted.

51. Admitted in part and denied in part.  This paragraph is admitted except for the second sentence, because the back office had indicated that Plaintiff had authority to process a recovery in instances where the location of the money was known.

52. Admitted.

53. Admitted.

54. Admitted.

55. Admitted.

56. Admitted.

57. Admitted in part and denied in part.  Plaintiff believes that her termination was motivated by religious discrimination.  *See* Complaint.

58. Admitted.

59. Admitted. By further answer, Plaintiff does not believe that this is "speculation."

60. Admitted.

61. Admitted in part and denied in part.

62. Admitted.

63. Admitted.

64. Admitted.

65. Admitted.

66. Admitted.

67. Plaintiff is without sufficient information to admit or deny this averment and as such it is denied.

                    Respectfully Submitted,

                    KOLMAN ELY, P.C.

                    <u>/s/ Timothy M. Kolman</u>
                    Timothy M. Kolman, Esquire
                    tkolman@kolmanlaw.net
                    PA 51982
                    Wayne A. Ely, Esquire
                    wely@kolmanlaw.net
                    414 Hulmeville Avenue
                    Penndel, PA 19047
                    (215) 750-3134
                    (215) 750-3138 (facsimile)

January 20, 2013